IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PROVISUR TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-06021-SRB |
| | ) | |
| | ) | |
| WEBER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Motion to Stay All Proceedings Pending *Inter Partes* Review. (Doc. #36). The motion is granted in part. The Court finds that a balancing of the relevant factors weighs in favor of a six-month stay or until the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") issues its initial decisions whether to institute any or all of the eight petitions for *inter partes* review ("IPR") that challenge the validity of the U.S. patents at issue in this litigation, whichever occurs first.

### I. Background and Legal Standard

On February 22, 2019, Plaintiff Provisur Technologies, Inc. filed this patent infringement case against five defendants asserting seven U.S. patents. On August 9, 2019, Defendant Weber, Inc. filed eight IPR petitions against every claim of every patent asserted in this case based on prior art and arguments not previously considered by the United States Patent Office. The five defendants now jointly move and ask the Court to stay this case until the PTAB resolves the IPR petitions.

"Federal courts have the inherent power to grant a stay pending IPR." *Masa LLC v. Apple Inc.*, Case No. 4:15-CV-00889-AGF, 2016 WL 2622395, at *2 (E.D. Mo. May 9, 2016)

(citing *Proctor & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008)). In deciding whether a stay should be imposed, courts consider the following factors: "the impact of inter partes review, to include whether a stay would simplify the issues in question and streamline the trial; (2) how far the litigation has progressed, taking into account whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 592 (Fed. Cl. 2014) (citations omitted).

## II.     Discussion

### a.     *Impact of IPR Proceedings*

The parties present to the Court conflicting statistics regarding the percentage of IPR petitions instituted by the PTAB and the percentage of instituted claims the PTAB ultimately finds invalid. Defendants use statistics to argue that IPR proceedings will either "moot the entire case" or "[a]t a bare minimum, . . . simplify the case." (Doc. #37, p. 16). Plaintiff uses statistics to argue "there is no compelling evidence that this case will be affected in any way when the PTAB renders its institution decisions in February 2020, [and] a stay now would be inefficient and wasteful." (Doc. # 38, p. 13).

The parties also cite to the Court conflicting case law regarding the timing of litigation stays due to IPR proceedings. Defendants cite to the Court cases in which pre-institution stays were found appropriate (Doc. #37, pp. 16-17), and Plaintiff cites to the Court cases in which pre-institution stays were found premature (Doc. #38, p. 9). The timing of litigation stays due to IPR proceedings is fact specific, and the Federal Circuit has expressed "no opinion on which is the better practice." *CANVS Corp.*, 118 Fed. Cl. at 593-94 (collecting cases) (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014)).

In this case and based on the particular circumstances presented, the Court finds the IPR proceedings' potential impact is enough to await at least the PTAB's initial institution decisions before moving forward. The Court finds this factor weighs in favor of a temporary six-month stay or until the PTAB makes its initial decisions whether to institute any or all of the eight IPR petitions.

### b. *Litigation Progression*

This case is in its earliest stages with a scheduling order having recently been entered and Defendants having recently responded to the first round of discovery requests. The Court finds this factor weighs in favor of a temporary stay.

### c. *Prejudice*

Plaintiff's primary argument in opposition to a stay is that it would be prejudiced by any delay in this case. Plaintiff argues that where the parties are direct competitors, courts routinely find a pre-institution stay would result in prejudice to the non-moving party. (Doc. #38, pp. 13-14). Defendants counter that Plaintiff's "direct competitor" argument is overstated because Plaintiff does not practice at least five of the seven patents at issue. The Court finds that based on the totality of the circumstances, this factor weighs in favor of a temporary stay. *See Digital Ally, Inc. v. Taser Int'l., Inc.*, No. 16-cv-2032-CM-TJJ, 2017 WL 1048351, at *4 (D. Kan. Mar. 20, 2017) ("Although the Court agrees with Plaintiff that the parties appear to be competitors in a relatively small market and therefore any prejudice to Plaintiff from a stay should be examined closely, the Court finds that Plaintiff will not be unduly prejudiced by a *temporary* stay of this action until the PTAB makes its initial decision on Defendant's petitions for *inter partes* review.").

**III.    Conclusion**

The Motion to Stay All Proceedings Pending *Inter Partes* Review (Doc. #36) is granted in part.  This case is stayed until February 28, 2020, or until the PTAB issues its initial decisions whether to institute any or all of the eight IPR petitions, whichever occurs first.  The parties are directed to file a joint status report with the Court every sixty (60) days beginning on October 28, 2019, informing the Court of the status of the IPR petitions.  The parties are also directed to inform the Court within 5 days of the PTAB's initial decisions regarding whether to institute any or all of the IPR petitions.  Any party may seek to extend the stay based on the outcome of the PTAB's initial decisions.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

DATE: August 29, 2019