IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| PROVISUR TECHNOLOGIES, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-06021-SRB |
| WEBER, INC., et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment of Non-Infringement. (Doc. #184.) For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

### I. FACTUAL BACKGROUND

The facts of this case have been discussed in prior orders and will not be repeated herein. Only those facts necessary to resolve the pending motion are discussed below, and those facts are simplified to the extent possible. Plaintiff Provisur Technologies, Inc. ("Plaintiff") alleges that Defendant Weber, Inc. and related entities ("Defendants") infringed four of its patents relating to commercial meat and cheese slicing and processing machines.[1] Defendants' pending motion relates to two patents, known as U.S. Patent Nos. 6,997,089 ("the '089 Patent") and 8,322,537 ("the '537 Patent"). Additional facts relevant to these patents are discussed in Section III.

---

[1] Defendants in this suit are interrelated corporate entities and subsidiaries.

Under the Court's Scheduling and Trial Order, the deadline to complete all fact discovery is December 22, 2021. (Doc. #179, p. 1.)[2] The deadline for the close of expert discovery is March 18, 2022, and opening expert reports are due by January 28, 2022. (Doc. #179, p. 2.) The deadline to file dispositive motions is April 22, 2022. (Doc. #179, p. 3.)

On October 26, 2021, Defendants filed the pending motion for partial summary judgment under Federal Rule of Civil Procedure 56. Defendants argue that based on the Court's *Markman* Order (Doc. #165), Plaintiff's infringement claims for the '089 and '537 patents fail as a matter of law. Defendants further argue that additional discovery would not "remedy the deficiencies in [Plaintiff's] infringement theories." (Doc. #185, pp. 21, 24; Doc. #211, pp. 4, 7-8.)

Plaintiff argues the motion is premature and requests the Court "reserve judgment on Defendants' motion until fact and expert discovery is complete." (Doc. #204, p. 19.) Plaintiff alternatively argues that the discovery produced to date shows genuine issues of material fact. As explained below, the Court finds the motion is premature and it will be denied without prejudice.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant

---

[2] During a telephone conference on December 1, 2021, the parties discussed the possibility of extending certain deadlines, including the close of fact discovery. All page numbers refer to the pagination automatically generated by CM/ECF.

must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks omitted). "Summary judgment on the issue of [patent] infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." *PC Connector Sol. LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005).

A court may grant summary judgment before discovery is completed, but "only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). Rule 56(d) "allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Id.* "To warrant time for additional discovery under Rule 56(d), Plaintiff[] must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (citations and quotation marks omitted). The district court has "wide discretion" in deciding a request under Rule 56(d). *Id.*

### III. DISCUSSION

Defendants argue that Plaintiff lacks evidence to show infringement of the '089 and '537 patents based on the Court's prior construction of those patents in the *Markman* Order. In general, the '089 Patent describes an optical scanner that grades slices of food products. The '089 Patent describes:

> A system for classifying slices from a slicing machine based on fat content, comprising:

3

> . . .
> an image capturing device arranged above the conveyor, said image capturing device signal-connected to said control to input into said memory section a two-dimensional pixel field corresponding to an image captured of a surface area of a *top slice* of said stack of slices located on said conveyor, each pixel classified by said control as either a fat or lean portion of the surface area, depending on image, said control data processing section adapted to sum fat pixels and compare said sum of fat pixels to a predetermined limit[.]

(Doc. #147-4, p. 7, 6:37–38, 45–54) (emphasis added). The Court's *Markman* Order construed the "top slice" term as meaning the "topmost already cut slice." (Doc. #165, p. 33.)

Defendants argue in part that Plaintiff's "stated infringement theory relies solely on Defendants imaging the yet-to-be-cut face of the food product loaf—not already cut slices[.]" (Doc. #185, p. 19) (emphasis supplied). As a result, Defendants argue that Plaintiff cannot meet its burden of showing literal infringement. Defendants further argue that Plaintiff lacks evidence to show infringement through the doctrine of equivalents.

The '537 Patent generally describes a food-product handling system containing a vacancy reduction system. In part, the '537 Patent describes:

> a vacancy detector configured to detect a vacant food product position within the rows and at the least two columns *on the main conveyor*; and a robot configured to carry a food product from the parking station and deposit the food product into the vacant food product position [and a] robot configured to move food product from the staging area to fill a vacant food product location detected by the sensor *on the main conveyor*.

(Doc. #204, p. 7) (emphasis supplied). The Court's *Markman* Order construed "main conveyor" to mean a "primary conveyor that moves food products away from the food product machine." (Doc. #165, p. 10.)

Defendants argue in part that Plaintiff "fails to point to a robot configured to *deposit* food product into a vacant food product position/location *on* the *primary conveyor that moves food products away from the food product machine*. Instead, [Plaintiff] points to a robot downstream

4

of the primary conveyor that manipulates food products within a *different machine entirely*—the packaging machine." (Doc. #185, p. 22) (citations omitted) (emphasis in original). Defendants further argue that Plaintiff lacks evidence to show infringement through the doctrine of equivalents.

In response, Plaintiff requests the Court defer ruling on the pending motion until after the close of discovery pursuant to Rule 56(d). Plaintiff argues that "Defendants submit their motion in the midst of heated fact discovery and numerous discovery disputes. Thus, at this time, [Plaintiff] is not able to present the types of evidence in response to Defendants' motion that would normally be available to a non-movant opposing summary judgment[.]" (Doc. #204, p. 12.) For example, Plaintiff states that "Defendants have indicated that they intend to make available at their Kansas City facility a version of the '089 and '537 patent accused products. Physical inspection should allow [Plaintiff] to better understand the operation of Defendants' products and the features at issue in Defendants' motion." (Doc. #204, p. 13.)

In support of its request for relief under Rule 56(d), Plaintiff submitted a declaration from its counsel. The declaration states in part that:

> Defendants' technical document productions are incomplete. Defendants have yet to produce complete documents in response to multiple requests from Provisur. For example, Provisur requested, and Defendants have not yet produced, information directly relevant to the '089 patent issues including regarding Weber's COW Accused Product (RFP No. 81) and the 702 slicing system for Patrick Cudahy (RFP No. 82) that is identified in Provisur's infringement contentions. For the '537 patent, Provisur requested information about the Wente Thiedig components that may detect information on a main conveyor (RFP No.105). Defendants have also failed to produce complete information on the accused product[.]

(Doc. #202-1, pp. 2-3.)

The declaration also states that counsel intends to depose several individuals who have knowledge of the accused infringing products. Plaintiff's counsel states that he has:

5

> requested Rule 30(b)(6) corporate witness deposition testimony on several topics that bear directly on infringement of the '089 and '537 patents, including '[a]ny and all of Defendants' pre-suit knowledge of the Patents-in-Suit and/or Related Patents' and 'Defendants' efforts, if any, to consider, analyze, and/or implement design arounds or changes for its products to allegedly avoid each of the Patents-in-Suit and each Related Patent.'

(Doc. #202-1, p. 3.)

Defendants' reply brief argues that the declaration "does not set forth specific facts that [Plaintiff] hopes to elicit from further discovery." (Doc. #211, p. 7.) Defendants further argue that Plaintiff "already has all of the discovery it needs to respond to the two narrow, discrete legal issues raised in [Defendants'] motion." (Doc. #211, pp. 7-8.) Defendants contend that Plaintiff has also failed to "establish that the facts sought even exist." (Doc. #211, p. 8.)

Upon review of the record and the parties' arguments, the Court rejects Defendants' arguments and finds that their motion for partial summary judgment is premature. This is a complicated patent case, and fact and expert discovery is ongoing. Plaintiff has adequately shown that it needs to physically inspect the allegedly infringing products, needs to obtain additional documents from Defendants, and needs to depose various individuals in order to fully respond to the motion. *Johnson*, 903 F.3d at 772. Plaintiff has further argued that Defendants have failed to produce all discoverable information. Under all these circumstances, the Court rejects Defendants' argument that additional discovery is not needed to determine whether it infringed the '089 and/or '537 patents. *See Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) ("If the failure to allow discovery deprives the nonmovant of a fair chance to respond to the motion . . . summary judgment is not proper and will be reversed.")

By deferring a ruling on the pending motion, both parties will have an opportunity to gather all relevant facts in support of, and in opposition to, a motion for summary judgment. If Defendants are correct that "no amount of discovery" will assist Plaintiff and/or that Plaintiff

6

"has no legally viable theories of infringement," they may reassert the same summary judgment arguments following discovery. (Doc. #211, pp. 7-8, 15.) Finally, the Court notes that Defendants accuse Plaintiff of attempting to "create a dispute of fact by stating a knowingly false fact[.]" (Doc. #211, pp. 5. 14.) Following discovery, the Court will have a complete record to determine whether such accusations have merit.

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED that Defendants' Motion for Partial Summary Judgment of Non-Infringement (Doc. #184) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2021