IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| PROVISUR TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-cv-06021-SRB ) |
| WEBER, INC., et al., | ) ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff Provisur Technologies, Inc.'s ("Plaintiff") Motion to Reconsider Summary Judgment of Non-Infringement of the '005 Patent. (Doc. #347.) As set forth below, the motion is DENIED.

This is a patent infringement case brought by Plaintiff against Defendant Weber, Inc., Textor Inc., Weber Maschinenbau GmbH Breidenbach, Textor Maschinenbau GmbH, and Weber Maschinenbau GmbH Neubrandenburg ("Defendants"). The facts of this case are discussed in prior Orders and in the parties' briefs, and will not be duplicated herein.

On July 13, 2022, the Court granted Defendants' motion for summary judgment of non-infringement on Plaintiff's United States Patent No. 6,669,005 ("the '005 Patent"). (Doc. #339.) In relevant part, the Court rejected "Plaintiff's argument that Claim 1 covers a roller that causes movement between an extended *or* retracted position." (Doc. #339, p. 17) (emphasis in original).[1] The Court further found that, "[b]ased on the claim as construed, Plaintiff has failed to present evidence that Defendants' roller causes extension," and "that a roller causes retraction." (Doc. #339, pp. 17-18.) Finally, the Court found that Plaintiff "cannot satisfy its

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

burden of proof on this limitation by focusing on belt accumulation—the same operation [Plaintiff] distinguished in the" *inter partes* review before the Patent Trial and Appeal Board ("PTAB"). (Doc. #339, p. 18.)

Plaintiff now moves the Court to reconsider the entry of summary judgment in favor of Defendants on the '005 Patent. Plaintiff argues in part that the "grant of summary judgment relied on two new additions to its previous claim construction." (Doc. #348, p. 4; Doc. #370, pp. 6-7.) Plaintiff further argues that "those new additions exclude the preferred embodiment of the '005 patent[.]" (Doc. #348, p. 4; Doc. #370, pp. 7-9.) Neither Plaintiff's suggestions in support nor reply brief identifies a Federal Rule of Civil Procedure that authorizes a motion for reconsideration, or the applicable standard that governs such a motion.

The Federal Rules of Civil Procedure do not include a "motion for reconsideration." *Blackorby v. BNSF Ry. Co.*, No. 4:13-CV-00908-SRB, 2018 WL 11193334, at *1-2 (W.D. Mo. Feb. 22, 2018) (citing *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)). "Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding." *Disc. Tobacco Warehouse Inc.*, 2010 WL 3522476, at *1 (internal citations and quotation marks omitted). The Court "has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) and 60(b)." *Id.* at *2. However, the Court "also has an interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider its interlocutory orders." *Id.* A party seeking reconsideration must demonstrate "(1) that it did not have a fair opportunity to

argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Id.*

In this case, and regardless of whether the pending motion relies on a procedural rule or the Court's inherent power, Plaintiff has failed to show that reconsideration is warranted. Specifically, Plaintiff has failed to show that it could not have raised its arguments earlier, and that the Court's summary judgment order contains a factual and/or legal error that should be corrected in the interest of justice. The Court agrees with Defendants that:

> the Court correctly determined that [Plaintiff's] infringement position in this litigation was contrary to the PTAB's decision and the Court's claim construction, and that no reasonable jury could accept it in view of the proper claim scope. [Plaintiff's] latest argument to the contrary once again attempts to rewrite the history of the [IPR] proceedings and the *Markman* proceedings before this Court. It then articulates a new, unsupported argument that the Court's (and the PTAB's) construction is erroneous. [Additionally, the] Court's requirement that the roller cause both extension and retraction of the belt, and that doing so is different than absorbing slack, does not exclude the preferred embodiment of the claims.

(Doc. #366, pp. 4-6.)

Accordingly, Plaintiff's Motion to Reconsider Summary Judgment of Non-Infringement of the '005 Patent (Doc. #347) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2022