IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PROVISUR TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-06021-SRB |
| | ) | |
| WEBER, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendant Weber, Inc., Textor Inc., Weber Maschinenbau GmbH Breidenbach, Textor Maschinenbau GmbH, and Weber Maschinenbau GmbH Neubrandenburg's ("Defendants") (1) Rule 50(b) Motion for Judgment as a Matter of Law (Doc. #501); and (2) Rule 59 Motion for a New Trial (Doc. #503).[1] Plaintiff Provisur Technologies, Inc. ("Plaintiff") has filed briefs in opposition to both motions. Upon review, Defendants' motions are DENIED.

The facts of this case have been exhaustively discussed in the Court's prior Orders and in the parties' briefs. They will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the claims and defenses asserted in this case.

Federal Rule of Civil Procedure 50(b) allows a party that has previously moved for judgment as a matter of law to renew that motion no later than 28 days after the entry of judgment. Fed. R. Civ. P. 50(b). When reviewing a motion under Rule 50(b), a court must "affirm the jury's verdict unless, viewing the evidence in the light most favorable to the

---

[1] Defendants are interrelated corporate entities and subsidiaries. The Court acknowledges the differences between these entities. However, for purposes of clarity and consistency, this Order collectively refers to Defendants.

prevailing party, . . . a reasonable jury could not have found for that party." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 865 (8th Cir. 2006) (citation omitted). The court should "review all of the evidence in the record," and "draw all reasonable inferences in favor of the nonmoving party," without making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citations omitted). "Judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable jury could have found for the nonmoving party." *Foster v. Time Warner Entm't Co.*, 250 F.3d 1189, 1194 (8th Cir. 2001).

In this case, Defendants' Rule 50(b) motion raises numerous arguments. Defendants' primary arguments are as follows: there is no evidence that the SmartLoader can operate as an advancing conveyor as properly construed; Plaintiff's accusations of spoliation and concealing evidence cannot support an infringement verdict as a matter of law; the SmartLoader alone cannot satisfy the web of advancing film limitation as a matter of law; the TS750 and the 908 Slicers do not infringe the '436/'812 patents as a matter of law; the accused 900-Series slicers do not infringe the '436/'812 patents as a matter of law; Defendants do not infringe the '436/'812 patents as a matter of law; and Defendants did not willfully infringe any patent as a matter of law.

Upon review of the record and the parties' arguments, the Court finds that Defendants are not entitled to judgment as a matter of law. For the reasons stated in Plaintiff's opposition brief, in the Court's prior Orders, and by the Court at trial, Defendants' arguments are rejected. A reasonable jury could have found for Plaintiff under the evidence and applicable law. *Foster*, 250 F.3d at 1194. Therefore, Defendants' Rule 50(b) motion for judgment as a matter of law is denied.

Defendants also move for a new trial under Federal Rule of Civil Procedure 59. Rule 59 "confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Id.* When ruling on a motion for a new trial, the court has broad discretion. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a Rule 59 motion serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.*

In this case, Defendants present numerous arguments in support of their motion for a new trial. Defendants' primary arguments are as follows: Plaintiff misrepresented discovery disputes and European proceedings which misled and prejudiced the jury; Plaintiff misrepresented the law on willful infringement that tainted the jury on willfulness and infringement; the Court wrongly precluded Defendants from offering testimony about its patent monitoring program; the Court erroneously instructed the jury on claim construction; the Court erred by preventing Defendants from introducing evidence in support of their invalidity defenses; Defendants were wrongly prevented from presenting deposition testimony of Plaintiff's employees; and the jury's damages verdict was excessive, against the great weight of the evidence, and based on erroneous jury instructions.

Upon review of the record and the parties' arguments, the Court finds that Defendants are not entitled to a new trial. For the reasons stated in Plaintiff's opposition brief, in the Court's prior Orders, and by the Court at trial, Defendants' arguments are rejected. Therefore, Defendants' motion for a new trial under Rule 59 is denied.

Accordingly, it is hereby ORDERED that:

(1) Defendants' Rule 50(b) Motion for Judgment as a Matter of Law (Doc. #501) is DENIED; and

(2) Defendants' Rule 59 Motion for a New Trial (Doc. #503) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2023